## Election of Democratic State Committeemen

SCHNADER, Attorney General, May 17, 1932.—We have your request to be advised regarding the following situation:

On January 14, 1932, the Democratic State Committee changed its rules so as to provide for the election of one man and one woman as members of the committee in all districts in which two members are elected. However, the officers of the committee neglected to certify this change of rule to your office prior to the primary held on April 26, 1932.

Accordingly, in transmitting to the county officers instructions for the preparation of the ballots for the primary, you gave them the instructions which had theretofore been given for voting for Democratic committeemen in districts in which two were to be elected, namely, "Vote for two."

Throughout the state the ballots used at the primary did not direct members of the Democratic Party, in districts in which two committeemen were elected, to vote for one man and one woman.

After the primary you were requested by the Chairman of the Democratic State Committee to certify to the election of the man who received the highest number of votes cast for men and the woman who received the highest number of votes cast for women in any district in which two candidates were to be elected at the April primary.

You have also received protests against this course of action. These protests raise two questions, as follows:

1. In view of the failure to notify voters to cast their votes for one man and one woman, can you now certify to the election of a man and a woman as requested by the Chairman of the Democratic State Committee; and

2. In any event, can a party validly specify that in each district in which two committeemen are to be elected one man and one woman shall be chosen?

You ask us to advise you what course to pursue under the circumstances.

Members of the state committee are elected under section one of the Act of July 12, 1913, P. L. 719, as amended by the Act of May 18, 1917, P. L. 244. This section provides that ". . . *Each senatorial district shall be entitled to elect two members of the state committee, except where a senatorial district is composed of more than one county or part of a county; in which event the electors residing in each county or part of a county embraced in the said senatorial district shall be entitled to elect one state committeeman. . . .*"

Also: "The state committee of each political party may make such rules for the government of such state committee, not inconsistent with law, as it may deem expedient; . . ."

It is an interesting question whether the right to make rules "for the government of" a state committee confers upon the committee the right to restrict the qualifications for membership upon the committee according to sex when the legislature has provided, without any sex qualification, that each senatorial district shall be entitled to elect "two members."

However, this is a question which it is unnecessary for us to consider at this time.

In view of the neglect of the officers of the Democratic State Committee to notify you of the change in the rules of the committee prior to the time when it was your duty to furnish instructions to county commissioners for the preparation of the ballots for the spring primary, you were entirely justified in sending to the county commissioners throughout the state instructions in the form which had previously applied to the election of members of the committee.

Members of the Democratic Party who used the primary ballots on April 26, 1932, did not have it called to their attention that they were to vote for one man and one woman instead of for two persons, irrespective of sex, as theretofore. Had instructions to vote for one man and one woman appeared on the ballot, the result might readily have been different in a number of districts. Clearly, you could not now certify to the election of a woman as a member of the state committee who received less votes than the second highest man in her district. Such a certification would represent a mere guess as to the result of the election if the voters had been informed that they could vote for only one man and one woman instead of for two persons, irrespective of sex.

Therefore, only two alternatives are open to you—either to certify to the election of the two persons, irrespective of sex, who received the highest number of votes, or to make no certification, upon the theory that there was no election because the ballots did not conform to the party rules.

In our opinion, it is your duty to adopt the former alternative and to certify to the election of the two persons who received the highest number of votes in any district, irrespective of sex. The act of assembly provides for the election of state committeemen; the members of the Democratic Party voted for candidates for these offices, and the ballots were prepared in accordance with the latest information which had been certified to you by the officers of the Democratic State Committee. Under the circumstances, it would be an absurdity to take the position that through the neglect of the officers of the committee the directions of the legislature were defeated and the votes cast by the members of the Democratic Party were voided.

Therefore, you are advised to certify to the election of the two persons in each senatorial district where two members of the committee were to be elected who received the highest number of votes for Democratic State Committeeman, irrespective of sex.

From C. P. Addams, Harrisburg, Pa.